IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RFR INDUSTRIES, INC. | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-98-CV-0988-BD |
| CENTURY STEPS, INC. d/b/a CENTURY PRECAST, ET AL. | § § § § | |
| Defendants. | § | |

### **MEMORANDUM ORDER**

Plaintiff RFR Industries, Inc. ("RFR") has filed a petition for a show cause order in this patent infringement action that was resolved pursuant to a Settlement Agreement and Mutual Release and a Final Judgment entered on March 10, 2000. The judgment contains a permanent injunction which prohibits Defendant Century Steps, Inc. d/b/a Century Precast ("Century"), and its officers, agents, servants, employees and attorneys, from:

> except as expressly authorized by RFR, making, using, selling, offering for sale or importing into the United States any Flangeway Filler, including without limitation gauge-side filler whose cross-section includes an arm, a leg, and an area between the arm and leg capable of providing rail head relief to allow the filler to roll or rotate around the rail head as the filler is being installed, which is made and/or installed according to claims 1 and 2 of U.S. Letters Patent No. 5,535,947, issued July 16, 1996, and claims 1, 2, 4, 6, 11-13, 15, and 17-19 of U.S. Letters Patent 5,577,662, issued November 26, 1996, both entitled "Embedded Railway Track System."

(Plf. Mot., Exh. 1 at 2, ¶ 6). Under the Settlement Agreement, Century was required to purchase a certain amount of flangeway filler from RFR between the date of the agreement and December 31, 2003. (*See id.*, Exh. 2-A at 4-5, ¶¶ 5.1-5.5). RFR, in turn, granted Century a license under the '947 and '662 Patents to use, sell, or offer to sell Pop-Down Filler to end users "subject to the terms

articulated in this Article." (*Id.*, Exh. 2-A at 7, ¶ 7.1).  In September and October 2003, Century allegedly ordered gauge side and field side flangeway filler from RFR as contemplated by the Settlement Agreement.  (*Id.*, Exh. 2-B).  Despite selling the goods to third-parties and receiving a profit from the sales, Century has not paid for the flangeway filler.  RFR alleges that Century's failure to pay takes the sale outside the scope of the license agreement and constitutes patent infringement and a violation of the permanent injunction.  By this action, RFR seeks contempt sanctions in the amount of $67,917.50, trebled to $203,752.50, together with reasonable and necessary attorney's fees, prejudgment and postjudgment interest, and costs of court.  Century has filed a written response to RFR's petition and a motion to transfer this action to Judge Ed Kinkeade, who is presiding over two related cases involving the same parties and the same patents.  *RFR Industries, Inc. v. Rex-Hide Industries, Inc.*, No. 3-02-CV-1444-K (*Rex-Hide* litigation) *and RFR Industries, Inc. v. Century Steps, Inc.*, No. 3-04-CV-2300-K (*Century II* litigation).[1]

The court denies Century's motion to transfer.  However, because the allegations made by RFR in the instant case involve the same conduct made the basis of the *Century II* litigation, the court declines to litigate those issues in a civil contempt proceeding where the standard of proof is "clear and convincing evidence."  *See Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987).  Accordingly, RFR's petition to show cause for violation of a permanent injunction is denied without prejudice.  If issues remain between the parties after the *Century II* litigation is concluded, RFR may refile its petition for a show cause order.

SO ORDERED.

---

[1] *Century II* was originally assigned to Judge Barbara M.G. Lynn.  By order dated April 29, 2005, the case was transferred to Judge Kinkeade for possible consolidation with the *Rex-Hide* litigation.

DATED: June 2, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE